United States District Court
Southern District of Texas

**ENTERED**

April 24, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CTI III, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. H-26-1465 |
| | § | |
| BLAKE PETERS, *et. al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Plaintiff's Motion to Compel Arbitration (Document No. 34). Having considered the motion, submissions, and applicable law, the Court determines that the pending motion should be granted, and this matter should be stayed pending the outcome of the forthcoming arbitration proceedings between the parties.[1]

## I. BACKGROUND

This is an employment related contractual dispute. On February 23, 2026, Plaintiff CTI III, LLC ("CTI") brought suit against its former employee Defendant Blake Peters ("Peters") and the new company he started, Defendant Peters Specialty

---

[1] Considering the Court's determination that this matter should proceed to arbitration, the Court declines to consider Plaintiff's Motion for Preliminary Injunction (Document No. 5); Plaintiff's Motion for Judicial Notice (Document No. 38); and Plaintiff's Motion to Dismiss Defendants' Counterclaims (Document No. 39). The Court notes that CTI will have an opportunity to refile these motions should they be necessary after the completion of arbitration in this matter.

Tax Services, LLC ("Peters Specialty Tax"). CTI contends that Defendant Peters "secretly formed a competing tax consulting firm" and "set to work soliciting CTI's clients and misusing CTI's confidential information that Peters had gained through his employment at CTI—all in violation of Peters' agreements with CTI."[2] In response, Defendants deny the allegations made by CTI and any wrongdoing related to those claims.

Based on the foregoing, CTI brings claims against Defendants for: (1) breach of contract; (2) tortious interference with contract; (3) tortious interference with a third-party agreement; (4) violations of the Defend Trade Secrets Act; and (5) violations of the Texas Uniform Trade Secrets Act. On April 6, 2026. CTI filed the pending motion to compel arbitration.

## II. LAW & ANALYSIS

CTI moves to compel arbitration and stay the pending proceedings, contending that Peters is bound by a binding arbitration agreement signed by both parties.[3] In response, Peters argues that there is no valid agreement to arbitrate the claims at issue.

---

[2] *Plaintiff's Complaint*, Document No. 1 at 1.

[3] The Court notes CTI's request to dismiss its claims against Peters Specialty Tax without prejudice, or, in the alternative, to stay the claims associated with Peters Specialty Tax pending the forthcoming arbitration proceeding. Considering the parties' agreement that Peters Specialty Tax is not a party to any arbitration agreement, and CTI asserts claims against Peters Specialty Tax that are distinct from its claims subject to arbitration, the Court

Under the Federal Arbitration Act, Congress established that an arbitration agreement "shall be valid, irrevocable, and enforceable[.]"[4] The Supreme Court of the United States has made clear that "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

Here, the parties agree that on July 11, 2024, Peters signed two agreements with CTI on the same day: a Voluntary Arbitration Agreement ("Arbitration Agreement") and a Confidentiality and Intellectual Property Assignment Agreement ("CIPAA"). Peters relies upon language contained within Section 9.10 of the CIPAA, which states, in relevant part, that the CIPAA "constitutes the entire agreement of the Parties, and supersedes any and all prior and contemporaneous negotiations and agreements, oral or written."[5] Peters contends that the

---

finds that CTI's claims against Peters Specialty Tax should be stayed, not dismissed, pending resolution of the forthcoming arbitration.

[4] 9 U.S.C. § 2.

[5] *Plaintiff's Motion to Compel Arbitration*, Document No. 344, Exhibit B at § 9.10.

3

aforementioned language contained within the CIPAA supersedes the Arbitration Agreement, leaving no valid agreement to arbitrate.[6]

In response, CTI argues that the CIPAA cannot be construed to supersede the Arbitration Agreement signed by both parties. CTI first contends that the Arbitration Agreement contains express terms stating, in relevant part, that the Arbitration Agreement "can only be modified or revoked by a writing signed by the parties that specifically states an intent to revoke or modify this Agreement."[7] CTI further contends that the CIPAA contains no such specific statement of the parties' intent, thus failing to invalidate the Arbitration Agreement.[8]  CTI notes for the Court the Fifth Circuit's clear guidance that once the existence of an Arbitration Agreement is shown, "the burden shifts to the party opposing arbitration to demonstrate either that the agreement is invalid or, at a minimum, to allege the dispute is outside of the agreement's scope." *Grant v. Houser*, 469 F. App'x 310, 315 (5th Cir. 2012).

Having considered the parties' substantial briefing on this matter, and the Fifth Circuit's clear guidance that the burden is on Peters in this matter to show that

---

[6] The Court notes that Peters does not contest that he signed the Arbitration Agreement on July 11, 2024. Rather, Peters elects to solely contest the Arbitration Agreement based on the language within CIPPA signed contemporaneously on the same day.

[7] *Plaintiff's Motion to Compel Arbitration*, Document No. 34, Exhibit A at X.B.

[8] Plaintiff's Motion to Compel Arbitration, Document No. 34, Exhibit A at X.B.

4

the Arbitration Agreement is invalid, the Court finds that Peters has failed to meet his burden to show the Court why the Arbitration Agreement should be declared invalid. The Court has also independently reviewed the language of both the Arbitration Agreement and the CIPAA, both of which were signed by Peters contemporaneously, and can find no such language within the CIPAA that specifically states the parties' intent to revoke or modify the Arbitration Agreement. Accordingly, based on the foregoing, and having considered the pending motion, submissions, and applicable law, the Court finds that the underlying Arbitration Agreement is valid, Plaintiff's motion to compel arbitration should be granted, and this matter should be stayed pending the outcome of arbitration.

### III. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiff's Motion to Compel Arbitration (Document No. 34) is **GRANTED**. The Court further

**ORDERS** that Plaintiff CTI, LLC and Defendant Blake Peters are hereby **COMPELLED** to proceed to arbitration pursuant to the parties' Arbitration Agreement. The Court further

**ORDERS** that **ALL CLAIMS** against Defendant Peters Specialty Tax Services, LLC in this matter are **STAYED** pending resolution of the claims to be arbitrated. The Court further

**ORDERS** that this matter is **STAYED** and **ADMINISTRATIVEY CLOSED** pending the parties' forthcoming arbitration proceeding. The Court further

**ORDERS** that all other pending motions are hereby **DENIED WITHOUT PREJUDICE**, subject to refiling, if applicable, after the completion of arbitration in this matter. The Court further

**ORDERS** that the parties file a joint status report informing the Court of the status of this matter no later than **NINETY DAYS** from the date of this Order.

SIGNED at Houston, Texas, on this **23** day of April, 2026.

DAVID HITTNER
United States District Judge

6